### O'FARRELL v. REGISTER.
No. 61-C-12206.

Circuit Court, Dade County.
March 2, 1962.

Barrett M. Rothenberg, Miami, for plaintiff.

William W. Charles, Miami, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

This is a suit in equity for reformation and other relief. At the final hearing the plaintiff made no effort to prove up a reformation. In lieu thereof she relied upon the defendant's answer which admitted the first six paragraphs of her complaint. The court has given full recognition to defendant's admissions but they do not prove up a reformation. The most that can be said for these admissions is that they recognize the existence of an oral agreement (par. 5) and that in furtherance of the agreement the defendant executed a chattel mortgage, a copy of which was attached to the complaint (par. 6).[1] The chattel mortgage by its terms matures on November 15, 1962. Hence foreclosure at this date would be premature.

"In the absence of satisfactory proof of accident, fraud, or mistake there is no basis for a court of equity to reform an instrument." See 5 Fla.Jur., Cancellation, Reformation, and Rescission of Instruments, §72; Camichos v. Diana Stores Corporation, 157 Fla. 349, 25 So.2d 864. The evidence must be clear, strong and convincing. Here there was no evidence on this point; the plaintiff choosing to rely solely on defendant's admissions, as previously noted.

The premises considered, it is accordingly ordered and decreed that this cause be and it is hereby dismissed, without prejudice to the plaintiff seeking (a) such remedy as she might have at law in the Dade County civil court of record for damages, or (b) such remedy as she might have in equity when her chattel mortgage matures.

---

[1]Paragraphs 1, 2, 3 and 4 (which are also admitted) recite only perfunctory matters in the nature of a predicate for the paragraphs which follow.